United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 05-51534
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY LEON PALMER, also known as Greg,

Defendant-Appellant.

———————————————————————————————

Appeal from the United States District Court for
the Western District of Texas
(USDC No. 7:05-CR-48-12)

———————————————————————————————

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gregory Leon Palmer appeals his conviction and sentence arguing that the district

court abused its discretion in allowing Drug Enforcement Agency (DEA) Special Agent

———————————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

1

Will Kimbell to testify as to the meaning of code or slang words in recorded conversations. We affirm for the following reasons:

1.     Palmer contends that Kimbell was not qualified as an expert because no foundation was laid as to his experience in interpreting drug code and Kimbell failed to explain the methodology he used in interpreting drug code. We disagree.

Kimbell was the lead investigator in this case and had worked seven-and-a-half years with the DEA, four as a task force agent on loan from his previous employer, a Florida police department, and three-and-a-half years as a special agent. At the time of trial, he had participated in over 100 drug investigations and had interpreted over 10,000 drug related conversations, approximately half of which involved cocaine base. Kimbell explained the methodology he used to decipher and interpret drug code. He testified that after he learned the subject's normal speech patterns, he then looked for words that did not fit the context of the conversation (statements that did not make sense) and thereafter cross-referenced those words with what had occurred during the investigation. Thus, Kimbell testified as to his experience and methodology. We hold that the district court did not abuse its discretion in allowing Kimbell to testify as to the meaning of code or slang words in recorded conversations. *See Burton v. United States*, 237 F.3d 490, 499-500 (5th Cir. 2000) (approving of a narcotics investigators testimony as to the meaning of code or slang words in recorded conversations); *United States v. Ceballos*, 302 F.3d 679, 685-87 (7th Cir. 2002) (same).

2

2.	Even if the district court had abused its discretion in admitting Kimbell's testimony, it would be harmless.  There is overwhelming evidence of Palmer's guilt in the record.

AFFIRMED.